UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kevin Wayne McDaniels, #254398 ) <br> *aka* Kevin W. McDaniels, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> S.C. Dept. of Corrections et al.; ) <br> Jon Ozmint, Dir of S.C. Dept of Corrections; ) <br> Samuel B. Glover, Dir of S.C Dept of PPPS; ) <br> Dr. Beiner, Director of SCDC Health Services; ) <br> Anderson & Shaw Hardwood Flooring Inc.; ) <br> John Carson, P.I. Business Mgr.; ) <br> sued in their individual and official capacity, ) <br> et al., ) <br> ) <br> Defendants. ) | C/A No. 4:09-1732-TLW-TER <br><br> REPORT AND RECOMMENDATION |

The plaintiff, Kevin Wayne McDaniels, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Tyger River Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The plaintiff filed an amended complaint on August 10, 2009 (docket entry # 22), which purports to add ten new defendants (Leon Lott, Richland County, Director and staff of the Alvin S. Glenn Detention Center, B.J. Mackey, Monica Counts, Roger Rabbi or Rabb, Tim Riley, Laura Caldwell, Gary Lane, and Donald Lane), and several of those defendants appear to be

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1

governmental employees.[2] The defendant "Richland County" and "staff of the Alvin S. Glenn Detention Center" should be summarily dismissed from this action.[3] In connection with the amended complaint, the plaintiff filed a motion for temporary restraining order and preliminary injunction (docket entry # 20), and that motion should be denied.

*Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* amended complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The amended complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where a complaint "lacks an arguable basis either

---

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

[3] In an order entered contemporaneously with this report and recommendation, the court authorizes service of process upon nine of the newly added defendants.

2

in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, the plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss a complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, a portion of the amended complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A county or city cannot be liable under § 1983 pursuant to respondeat superior principles. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) ("municipalities are not liable pursuant to respondeat superior principles for all constitutional violations of their employees simply because of the employment relationship") (citing *Monell*, 436 U.S. at 692-94). In other words, a municipality may not be held liable under § 1983 solely because it employs the tort-feasor; rather, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Board of County Commissioners v. Brown*, 520 U.S. 397 (1997). *See also McMillian v. Monroe County, Alabama*, 520 U.S. 781 (1997) ("If the sheriff's actions constitute county 'policy,' then the county is liable for them."); *Knight v. Vernon*, 214 F.3d 544, 552-53 (4th Cir. 2000). As the plaintiff has alleged no actionable conduct of Richland County in the amended

complaint, nor identified any actionable policy or custom, that defendant should be dismissed for failure to state a claim upon which relief may be granted.

If the plaintiff is attempting to sue the "staff" of the Alvin S. Glenn Detention Center in the amended complaint, such a defendant is not amenable to suit under § 1983. Because it is well settled that only "persons" may act under color of state law, a defendant in a § 1983 action must qualify as a "person." Use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262 at *1 (D. Conn., Feb. 09, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318 (JSM), 1991 WL 115759 at *1 (S.D.N.Y. Jun. 20, 1991). Additionally, plaintiff fails to provide any identifying information such as the date and time of the alleged constitutional violation by individuals in the Alvin S. Glenn Detention Center so that any individuals who constitute the defendant could be construed as unnamed, but identifiable, "John Doe" defendants. Thus, the plaintiff has failed to state a claim upon which relief may be granted as to the "staff" of that detention center.[4]

Additionally, the motions for temporary restraining order and preliminary injunction (docket entry # 4, #20, and #41) should be deemed moot. In the motion for temporary restraining ("TRO") order filed July 1, 2009, plaintiff requested an order to prevent possible retaliation for filing this action and asserted that a sleep study revealed abnormal results and that he had been approved for a CPAP machine but has not been able to obtain the machine and that he is having trouble with his breathing. (See complaint, exhibits, and motion). At the time the complaint was served, defendants

---

[4] In an order filed contemporaneously with this report and recommendation, service of process of the amended complaint is authorized upon the Director of the Alvin S. Glenn Detention Center.

were given fifteen days from the date of service to respond to the motion for TRO. Defendant Dr. Beinor filed a response on August 12, 2009, asserting that the motion for TRO with respect to any retaliation issues should be denied and that any request with regard to his medical care "such relief is not proper for consideration by and through a motion for temporary restraining order and would be premature at this stage of the proceedings." (Doc. #25). Defendants Ozmint and Carson filed a response on August 28, 2009. On September 4, 2009, the undersigned issued a second order giving the defendants ten (10) days from the date of said order to respond to the motion, including but no limited to, plaintiff's allegations of risk of harm and that he has been approved for the CPAP machine by medical but has not received it. Defendant Dr. Beinor filed a response on September 14, 2009, asserting that plaintiff has been released from the South Carolina Department of Corrections ("SCDC") and temporarily changed his address with the court on September 3, 2009, to that of the Spartanburg County Detention facility while awaiting transfer to a federal penitentiary to serve the remainder of his sentence. Defendant Beinor stated that based on plaintiff's own allegations in his motion for contempt of court filed on September 9, 2009, that plaintiff left the custody of the SCDC prior to receiving the CPAP machine even though it had arrived at SCDC headquarters and he was awaiting transportation to the SCDC's specialty clinic to be trained on its proper use. Defendants Jon Ozmint and John Carson filed a response on September 15, 2009, asserting that before plaintiff could be trained on the use of the CPAP machine, plaintiff was taken into custody by the United States Marshal's office to be transported to a federal prison to serve a federal sentence. As plaintiff is no longer in the custody of the SCDC, defendants assert plaintiff cannot establish any of the required factors for a TRO. As plaintiff is no longer in the custody of the SCDC, it is recommended that this motion (doc.#4) be deemed MOOT.

On August 10, 2009, and August 31, 2009, plaintiff filed a second and third motion for a Temporary Restraining Order and Preliminary Injunction. (Doc. #20). Plaintiff seeks an order that "plaintiff be able to possess at all times his legal papers and ten (10) legal books while being transported by state/federal agencies to include the U.S. Marshal Service." The plaintiff alleges that when he is taken into federal custody by the U.S. Marshal service in order to be transported to the U.S. Bureau of Prisons, the U.S. Marshal will not permit him to keep his legal materials in his possession during transport. The plaintiff alleges that he must be able to keep his legal materials with him at all times, and thus, he needs an order from this court to make sure of that. As plaintiff has already been transported from SCDC custody by the U.S. Marshals service, it is recommended that these motions (Doc. #20, and #41) be deemed MOOT. Further, the U.S. Marshal's service is not a party to this action.[5]

On August 28, 2009, plaintiff filed a motion entitled "Motion for Entry of Default Judgment." (Doc.#39). In this motion, plaintiff asserts that he is entitled to default judgment because defendants Carson and Ozmint did not file a response to his motion for TRO within fifteen days of service as directed by the Court's order of July 13, 2009. Defendants Ozmint and Carson filed a response in opposition asserting that they were served with the summons and complaint on August 13, 2009, and filed an answer within twenty (20) days of service, on September 2, 2009. Additionally, defendants assert that although failing to respond to a motion for a TRO is not a basis for default under Rule 55 of the F.R.C.P., defendants timely responded to that motion as well on August 28, 2009, after being served on August 13, 2009.

---

[5] Even if the motion for TRO was not moot, plaintiff has not met the four requirements as set out in *Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ----, 129 S.Ct. 365, 374-76 (2008).

A review of the docket sheet reveals that defendants Carson and Ozmint were served with the complaint on August 13, 2009. (See docs. #46 and #49). Defendants filed a response to the plaintiff's motion for TRO[6] on August 18, 2009, (doc.#37) and an answer to the complaint on September 2, 2009. Therefore, it is recommended that plaintiff's motion for default judgment (doc. #39) be DENIED.

Recommendation

Accordingly, it is recommended that the District Court dismiss the defendant "Richland County" and "staff of the Alvin S. Glenn Detention Center" *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). It is further recommended that the plaintiff's motions for temporary restraining order and preliminary injunction (docket entry #4, #20, #41) and plaintiff's motion for default judgment (doc.#39) be denied.

Respectfully Submitted,

s/Thomas E. Rogers, III
October 21, 2009     Thomas E. Rogers, III
Florence, South Carolina     United States Magistrate Judge

**The plaintiff's attention is directed to the important notice on the next page.**

---

[6] Plaintiff's motion for default judgment against defendants for allegedly failing to file a timely response to an order to respond to a motion for TRO is not proper under Rule 55 of the Federal Rules of Civil Procedure.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).