IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Kevin Wayne McDaniels, #254398, | ) | C/A No.: 1:09-1732-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | REPORT AND RECOMMENDATION |
| | ) | |
| South Carolina Department | ) | |
| of Corrections, et. al, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

I.  Introduction

Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Presently before the court are Plaintiff's Motion for Contempt of Court Requesting Compensatory and Punitive Damages (Document # 54), Motion for Compensatory and Punitive Damage Relief and Opposition to any Dismiss Motions Defendants Plan to File (Document # 63), Motion for Default (Document # 72), Motion for Injunction (Document # 120) and Motion for Affirmative Injunction (Document # 141).[1] These matters have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d). This Report and Recommendation is entered for review by the district judge.

---

[1] Other Motions are pending as well, and will be addressed by separate Order and/or Report or Recommendation.

II. Discussion

   A. Motion for Contempt

Plaintiff files a Motion for Contempt of Court Requesting Compensatory and Punitive Damages (Document # 54). Plaintiff asks this court to hold Defendants Leon Lott, B.J. Mackey, Monica Counts, Roger Rabb, Tim Riley, Laura Caldwell, Gary Lane, and Donald Lane as well as the Richland County Sheriff's Office, A.S. Glenn Detention Center and the U.S. Marshal's Service[2] in contempt for allegedly violating an order of the Honorable G. Thomas Cooper ordering Plaintiff to be removed from state custody and placed in federal custody. Plaintiff also appears to be asking this court to hold all Defendants in contempt for being deliberately indifferent to his serious medical needs and for denying him access to his legal books and papers.

Plaintiff's Motion fails for two reasons. First, for a motion for contempt to be granted, the moving party must produce a court order that the accused party has violated. Richmond Black Police Officers Ass'n v. City of Richmond, Va., 548 F.2d 123, 129 (4th Cir. 1977); In re General Motors Corp., 61 F.3d 256, 258 (4th Cir. 1995). No court order has been issued concerning Plaintiff's medical care or his legal materials. Further, a motion for contempt based on the violation of a court order must be brought before the court that entered the order. Gray v. Petroseed Co. Inc., 985 F. Supp. 625, 628 (D.S.C. 1996), aff'd, 129 F.3d

---

[2]Neither the Richland County Sheriff's Office nor the U.S. Marshal's Service have been named as Defendants in this action. The A.S. Glenn Detention Center was dismissed from this action by Order (Document # 128) dated December 15, 2009.

1259 (4th Cir. 1997). The order Plaintiff cites regarding his transfer to a federal facility was entered by a South Carolina state court. Therefore, this court lacks jurisdiction to consider Plaintiff's Motion. The relief Plaintiff seeks in the present Motion is not available in this Court. Therefore, the Motion is denied.

### B. Motion for Compensatory Damages

In his Motion for Compensatory and Punitive Damage Relief and Opposition to any Dismiss Motions Defendants Plan to File (Document # 63), Plaintiff reiterates the claims for relief he has raised in his Complaint and Amended Complaint. These claims are currently pending before the Court. However, the proper means to address these issues is through a Motion for Summary Judgment or at trial. Thus, Plaintiff's Motion should be denied as improper.

### C. Motion for Default

Plaintiff files a Motion for Default (Document # 72)[3] against Defendant Anderson & Shaw Hardwood Flooring, Inc. On July 13, 2009, an Order (Document # 9) was entered authorizing service of process on Defendant Anderson & Shaw Hardwood Flooring, Inc., among other Defendants. Per the Order, the Summons, Complaint, and Form USM-285 were forwarded to the United States Marshal for service. On September 3, 2009, the United States Marshal filed a Process Receipt and Return (Document # 48) indicating that a deputy United

---

[3] Plaintiff entitles his Motion "Notice and Motion for Default on Defendant Anderson & Shaw Hardwood Flooring." Within the body of the Motion, however, Plaintiff asks the court to enter a default judgment against this Defendant. Thus, the court will treat this Motion as one for default judgment rather than a request for entry of default.

States Marshal personally served Vice President Bryan Boggs of Anderson & Shaw Hardwood Flooring, Inc. at the "main store" in Clinton, South Carolina, on August 19, 2009. Defendant Anderson & Shaw Hardwood Flooring, Inc.'s Answer was due September 8, 2009. Defendant Anderson & Shaw Hardwood Flooring, Inc. has failed to file an Answer or otherwise make an appearance in this case.

Rule 55(a), Fed.R.Civ.P., provides that the Clerk of Court must make an Entry of Default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." In his Motion, Plaintiff declares under penalty of perjury that Defendant Anderson & Shaw Hardwood Flooring, Inc. has failed to file dispositive motions or to respond to Plaintiff's motions. Further, a review of the docket reveals that Defendant Anderson & Shaw Hardwood Flooring, Inc. has failed to file an Answer or otherwise appear in this case. Accordingly, an Entry of Default pursuant to Rule 55(a), Fed.R.Civ.P., is appropriate.

However, in light of the fact that the other Defendants have answered in the present case and their liability has not yet been resolved, the determination of whether default judgment is proper as to Anderson & Shaw Hardwood Flooring, Inc. must be made in light of Frow v. De La Vega, 82 U.S. (15 Wall.) 552 (1872) and Rule 54(b), Fed.R.Civ.P.

In Frow, the plaintiff alleged that fourteen defendants conspired to defraud him. After initial entry of default judgment against the non-appearing defendants, the trial court subsequently found in favor of the remaining defendants that no fraud had occurred. The

Supreme Court found the result to be "unseemly and absurd." Id. at 554. The Supreme Court reversed the result, noting,

> [t]he true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree pro confesso against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike--the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

Id.

> Rule 54(b), Fed.R.Civ.P., provides that
>
> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Id.

Frow's vitality has been questioned since the adoption of Rule 54(b). However, "although many jurisdictions have construed Frow to bar entry of default judgment against

one of several defendants only if the theory of recovery is one for true joint and several liability, the Fourth Circuit has interpreted Frow more broadly." Jefferson v. Briner, Inc., 461 F.Supp.2d 430, 434-35, n.6 (E.D.Va. 2006). In United States ex rel. Hudson v. Peerless Ins. Co., 374 F.2d 942 (4th Cir. 1962), one defendant answered while another did not. Id. at 943. The district court entered default judgment against the non-responding party. Id. In holding the default judgment against the non-responding party to be premature, the Fourth Circuit held,

> Although Frow was a case of joint liability, we think the procedure established for multiple defendants by Rule 54(b) is strikingly similar and applicable not only to situations of joint liability but to those where the liability is joint and/or several.

Id. at 944. The Hudson court also noted that Frow applies even when co-defendants are alleged to be "closely interrelated." Id. at 945.

As recently noted by the district court for the Eastern District of Virginia,

> if Frow still stands for anything, it explicates a cautionary warning to the courts: logically inconsistent judgments resulting from an answering defendant's success on the merits and another defendant's suffering of a default judgment are to be avoided. Thus, the avoidance of logically inconsistent judgments in the same action and factually meritless default judgments provide "just reason for delay" within the meaning of Rule 54(b).

Jefferson, 461 F.Supp.2d at 434 (citing Phoenix Renovation Corp. v. Gulf Coast Software, Inc., 197 F.R.D. 580, 582 (E.D.Va.2000)).

In the present case, there is "just reason" to delay an entry of default judgment against Anderson & Shaw Hardwood Flooring, Inc. Plaintiff appears to allege that Anderson &

Shaw Hardwood Flooring, Inc., along with the South Carolina Department of Corrections (SCDC),[4] Jon Ozmint, and John Carson, violated his constitutional rights for creating or allowing hazardous conditions in the detention center. See Original Complaint pp. 15, 18. Plaintiff does not distinguish between these Defendants regarding their liability as to any of the claims raised in the Complaint. Accordingly, the proper path on which to proceed with regard to Anderson & Shaw Hardwood Flooring, Inc. is to await a final ruling on the merits as to the remaining Defendants before entering any judgment against Anderson & Shaw Hardwood Flooring, Inc. Of course, as a result of Anderson & Shaw Hardwood Flooring, Inc.'s failure to appear, an Entry of Default by the Clerk of Court is proper, and Anderson & Shaw Hardwood Flooring, Inc. is deemed to have admitted all well-pleaded allegations of fact in the Complaint. See Nishimatsu Construction Co. v. Houston National Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) (citing Ohio Central Railroad Company v. Central Trust Company of New York, 133 U.S. 83 (1889); Thomson v. Wooster, 114 U.S. 104 (1884)).

**D.     Motions for Injunctive Relief**

Plaintiff files a Motion for Injunction (Document # 120) and a Motion for Affirmative Injunction (Document # 141) seeking the same relief in both Motions. Presently, Plaintiff is serving concurrent state and federal sentences in the custody of the Federal Bureau of Prisons. Plaintiff asks the court to direct Defendant Jon Ozmint to release to him the $716.21 he earned while working in the prison industries program in the SCDC.

---

[4] The SCDC was dismissed from this action by Order dated February 19, 2010.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Resources Defense Council, Inc.</u>, --- U.S. ---, 129 S.Ct. 365, 374 (2008). All four requirements must be met. <u>Id.</u>

Plaintiff fails to make the requisite showing. By state statute, ten percent of an inmate's prison industries wages are to be deposited into an interest-bearing escrow account for the inmate's benefit. S.C. Code Ann. § 24-3-40(A)(5) (2010). Further, release of an inmate's funds in escrow is governed by statute:

> The Department of Corrections, or the local detention or correctional facility, if applicable, shall return a prisoner's wages held in escrow pursuant to subsection (A) as follows:
> (1) A prisoner released without community supervision must be given his escrowed wages upon his release.
> (2) A prisoner serving life in prison or sentenced to death shall be given the option of having his escrowed wages included in his estate or distributed to the persons or entities of his choice.
> (3) A prisoner released to community supervision shall receive two hundred dollars or the escrow balance, whichever is less, upon his release. Any remaining balance must be disbursed to the Department of Probation, Parole and Pardon Services. The prisoner's supervising agent shall apply this balance toward payment of the prisoner's housing and basic needs and dispense any balance to the prisoner at the end of the supervision period.

S.C.Code Ann. § 24-3-40(B) (2010).

Plaintiff has not been released to or without community supervision nor is he on death row or serving a life sentence. Thus, Plaintiff is not yet entitled to release of his funds in escrow. Plaintiff fails to show a likelihood of success on this merits of the claim. Therefore,

his Motions for injunctive relief should be denied.

## III. CONCLUSION

For the reasons discussed above, it is recommended that the Motion for Contempt of Court Requesting Compensatory and Punitive Damages (Document # 54) be denied, the Motion for Compensatory and Punitive Damage Relief and Opposition to any Dismiss Motions Defendants Plan to File (Document # 63) be denied, the Motion for Default (Document # 72) be denied as premature[5], the Motion for Injunction (Document # 120) be denied, and the Motion for Affirmative Injunction (Document # 141) be denied.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 6, 2010
Florence, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[5] However, the Clerk of Court should be directed to make an Entry of Default as to Defendant Anderson & Shaw Hardwood Flooring, Inc.