IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Kevin Wayne McDaniels, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 1:09-cv-1732-TLW-SVH |
| | ) | |
| Jon Ozmint, Dir. of S.C. Dept. of Corrections; Samuel B. Glover, Dir. of S.C. Dept. of PPPS; Dr. Beiner, Director of SCDC Health Services; Anderson & Shaw Hardwood Flooring, Inc.; John Carson, P.I. Business Mgr.; sued in their individual and official capacity; Leon Lott, Sheriff of Richland County; Alvin S. Glenn Detention Ctr. Director; B.J. Mackey, Warden at Kirkland Reception Ctr.; Monica Counts, Classification Supervisor at Tyger River Corr. Inst.; Roger Rabbi, Classification Supervisor at Tyger River Corr. Inst.; Tim Riley, Warden at Tyger River Corr. Inst.; Laura Caldwell, Associate Warden at Tyger River Corr. Inst.; Gary Lane, Associate Warden at Tyger River Corr. Inst.; Donald Lane, Investigator at Tyger River Correctional Inst., sued in their individual and official capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

# **ORDER**

The plaintiff, Kevin Wayne McDaniels ("plaintiff"), brought this civil action, pro se, on July 1, 2009. (Doc. # 1). The plaintiff filed an amended complaint on August 10, 2009. (Doc. # 22).

1

The case was referred to United States Magistrate Judge Shiva V. Hodges pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2), DSC.

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by the Magistrate Judge to whom this case had previously been assigned. (Doc. # 225). In the Report, the Magistrate Judge recommends that the District Court grant the motions for summary judgment (Docs. # 152, 160, 161, 162) that were filed by all of the defendants with the exception of Anderson & Shaw Hardwood Flooring, Inc. ("Anderson & Shaw"). (Doc. # 225). With respect to Anderson & Shaw, this Court previously accepted a Report and Recommendation recommending that the Clerk of Court enter default against Anderson & Shaw. (Doc. # 200). In the Report currently before the Court, the Magistrate Judge recommends that the plaintiff's claims against Anderson & Shaw be dismissed for failure to set forth a cause of action under 42 U.S.C. § 1983 and that this Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any remaining state law causes of action asserted against Anderson & Shaw. (Doc. # 225). The plaintiff filed objections to the report. (Doc. # 236). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. # 225). Therefore, for the reasons articulated by the Magistrate Judge, the motions for summary judgment filed by Dr. Beiner; the South Carolina Department of Probation, Parole, and Pardon Services; Jon Ozmint; Samuel B. Glover; John Carson; Bernard McKie;[1] Monica Wallace;[2] Rogers Rabb; Tim Riley; Laura Caldwell; Gary Lane; Donald Lane; Leon Lott; and the Director of the Alvin S. Glenn Detention Center (Docs. # 152, 160, 161, 162) are **GRANTED**.[3] In light of this ruling and the reasoning provided in the Report, the plaintiff's claims against Anderson & Shaw are also **DISMISSED** for failing to set forth a cause of action under 42 U.S.C. § 1983.[4] To the extent the plaintiff's complaint contains state law causes of action against Anderson & Shaw, this Court declines to exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(c)(3). Due to this ruling, all other motions pending in this case at this time are now **MOOT**.

---

[1] In the complaint, Bernard McKie is incorrectly identified as B.J. Mackey. (Doc. # 118).

[2] In the complaint, Monica Wallace is incorrectly identified as Monica Counts. (Doc. # 118).

[3] Defendants South Carolina Department of Corrections, County of Richland, and staff of Alvin S. Glenn Detention Center were previously dismissed from this action. (Docs. 128, 143).

[4] In addition, 42 U.S.C. § 1983 creates liability only for persons who act "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." See United States v. Price, 383 U.S. 787, 794, n.7 (1966) ("In cases under [§] 1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment."). The plaintiff does not provide a sufficient basis for concluding that Anderson & Shaw was acting under color of law for purposes of Section 1983. Furthermore, the Prison Industries Inmate Agreement signed by the plaintiff provides that the plaintiff agrees he is not an employee of the Private Sector Industry to which his labor is being leased and that he understands "any legal actions/suits/claims relating to [his] participation in the Industries Program should be brought against the Department of Corrections, and ***not*** the Private Sector Industry." (Doc. # 236, Attach. 4). The Agreement also states that any complaint or grievance relating to his termination from the Prison Industries Program should be addressed to the Department of Corrections, not the Private Sector Industry. As a result, the plaintiff contractually agreed to not bring the claims he alleges in this action with respect to Anderson & Shaw against Anderson & Shaw but rather to assert these claims, which are related to his participation in the Industries Program, against the Department of Corrections.

**IT IS SO ORDERED**.

s/Terry L. Wooten
United States District Judge

March 23, 2011
Florence, South Carolina